IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr79-MHT |
| | ) | (WO) |
| **JAMAL GARROTT** | ) | |

**OPINION AND ORDER**

This cause is before the court on the motion to continue trial filed by defendant Jamal Garrott. For the reasons set forth below, the court finds that the jury trial, now set for April 14, 2025, should be continued until May 12, 2025, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

>       offense shall commence within seventy
>       days from the filing date (and making
>       public) of the information or
>       indictment, or from the date the
>       defendant has appeared before a
>       judicial officer of the court in which
>       such charge is pending, whichever date
>       last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the

2

reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Garrott in a speedy trial. On February 11, 2025, Garrott filed a motion to suppress. A hearing was held on March 10 by the presiding United States Magistrate Judge. A continuance is warranted to allow the magistrate judge reasonable time to draft a report and recommendation in response to Garrott's motion to suppress, and to allow the parties to submit objections and, if needed, to prepare for trial or negotiate a resolution to the case. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

3

(1) Defendant Jamal Garrott's unopposed motion to continue trial (Doc. 27) is granted.

(2) The jury selection and trial for defendant Garrott, now set for April 14, 2025, are continued to May 12, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this the 14th day of March, 2025.

                                        /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**