IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr79-MHT |
| | ) | (WO) |
| JAMAL GARROTT | ) | |

OPINION AND ORDER

The court held an on-the-record status conference today to discuss whether to continue the trial. For the reasons set forth below, the court finds that the jury trial, now set for May 12, 2025, should be continued until July 21, 2025, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

>days from the filing date (and making
>public) of the information or
>indictment, or from the date the
>defendant has appeared before a
>judicial officer of the court in which
>such charge is pending, whichever date
>last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

2

taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Garrott in a speedy trial. The court needs additional time to resolve the objections to the recommendation of the magistrate judge that the motion to suppress be denied. The court's time to resolve the motion is currently limited by the change of plea deadline, which is set for April 21, 2025, three days from today. Moreover, once the court resolves the objections and rules on the recommendation and motion, if the court denies the motion, defense counsel will need additional time to discuss with his client whether to enter a plea or go to trial, and relatedly, counsel for both sides will need time to attempt to negotiate a plea agreement or prepare for trial. Additionally, defense counsel represented that, after discussion, he and Garrott have agreed that the trial should be postponed until the trial term starting on July 21,

3

2025, because defense counsel has a major trial set for the June 23, 2025 term and would not be able to defend both cases properly if they were set on the same term. Finally, the government does not oppose a continuance. The court finds that a continuance to July 21, 2025 is necessary to ensure that defense counsel has sufficient time to consult with his client and effectively prepare for a trial or resolve the case via a plea.

***

Accordingly, it is ORDERED as that the jury selection and trial for defendant Garrott, now set for May 12, 2025, are continued to July 21, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the change of plea deadline.

DONE, this the 18th day of April, 2025.

                                /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE