IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr79-MHT |
| | ) | (WO) |
| JAMAL GARROTT | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue trial filed by defendant Jamal Garrott. For the reasons set forth below, the court finds that the jury trial, now set for July 21, 2025, should be continued to September 8, 2025, pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

>       days from the filing date (and making
>       public) of the information or
>       indictment, or from the date the
>       defendant has appeared before a
>       judicial officer of the court in which
>       such charge is pending, whichever date
>       last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period

any continuance based on "delay resulting from any

pretrial motion, from the filing of the motion through

the conclusion of the hearing on, or other prompt

disposition of, such motion," § 3161(h)(1)(D), and on

"findings that the ends of justice served by taking

such action outweigh the best interest of the public

and the defendant in a speedy trial."  § 3161(h)(7)(A).

In granting a continuance under subsection (h)(7)(A),

the court may consider, among other factors, whether

the failure to grant the continuance "would be likely

to ... result in a miscarriage of justice,"

§ 3161(h)(7)(B)(i), or "would deny counsel for the

defendant or the attorney for the Government the

reasonable time necessary for effective preparation,

taking into account the exercise of due diligence."
§ 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Garrott in a speedy trial. First, this court has not completed resolving the objection to magistrate judge's recommendation on Garrott's first motion to suppress, though it will soon. It would be very unfair and a miscarriage of justice to force counsel to prepare for trial or decide whether to enter a plea without knowing of the court's decision on suppression. A continuance is warranted to allow counsel sufficient time in advance of plea deadline and trial date to review and decide how to proceed in light of the court's forthcoming resolution of the suppression motion.

Second, due to the superseding indictment entered on June 3, 2025, Garrott now faces a new charge, and on June 30, he filed a second motion to suppress evidence connected to that charge. In light of the July 21

3

trial date, the magistrate judge set an extremely tight schedule for response and a hearing date approximately one week after the motion's filing.  The government has moved to continue those deadlines.  A trial continuance is warranted to allow adequate time and opportunity for the parties to litigate the second motion to suppress, for the magistrate judge to hold a hearing and enter a recommendation, for the filing of objections to the recommendation, and for this court to resolve any objections in advance of the plea deadline.  Finally, the government has informed chambers staff that it does not oppose a continuance.

***

Accordingly, it is ORDERED that the jury selection and trial for defendant Jamal Garrott, now set for July 21, 2025, are continued to September 8, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

4

The United States Magistrate Judge shall reset the change of plea deadline.

DONE, this the 2nd day of July, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

5