IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:25cr79-MHT** |
| | ) | **(WO)** |
| **JAMAL GARROTT** | ) | |

## OPINION AND ORDER

This cause is before the court on the motion to continue trial filed by defendant Jamal Garrott. For the reasons set forth below, the court finds that the jury trial, now set for October 27, 2025, should be continued to November 17, 2025, pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

>days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

2

taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Garrott in a speedy trial. After the filing of a superseding indictment, Garrott filed a second motion to suppress, which the United States Magistrate Judge recommended be denied. Garrott filed objections to the recommendation, and the court needs additional time to consider his objections to the recommendation. Additionally, the court plans to set the motion for oral argument. The court will not be able to complete its review and resolution of the objections and motion to suppress before the current deadline for changes of plea, which are due October 6, 2025. In addition, this court has not completed resolving the objection to magistrate judge's recommendation on Garrott's first motion to suppress. It would be unfair to force the parties to prepare for trial or decide whether to enter a plea without knowing of the court's decisions on

3

suppression.  A continuance is warranted both to allow the court to resolve the motions to suppress and to allow counsel sufficient time in advance of plea deadline and trial date to review and decide how to proceed in light of the court's resolution of the suppression motions.  In addition, the government does not oppose the motion to continue.

\*\*\*

Accordingly, it is ORDERED that the motion to continue trial (Doc. 70) is granted, and the jury selection and trial for defendant Jamal Garrott, now set for October 27, 2025, are continued to November 17, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 29th day of September, 2025.

                                         /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE