IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr79-MHT |
| | ) | (WO) |
| JAMAL GARROTT | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue trial filed by the government. For the reasons set forth below, the court finds that the jury trial, now set for November 17, 2025, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

>           indictment, or from the date the
>           defendant has appeared before a
>           judicial officer of the court in which
>           such charge is pending, whichever date
>           last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and on any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

2

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Garrott in a speedy trial. Garrott faces trial on a two-count indictment and filed two motions to suppress. While the court recently denied one of Garrott's motions to suppress, the court has not finished resolving his other motion to suppress, which if granted, would be dispositive of one of the counts of the indictment. The government asserts that its preparation for the trial, which is set to begin in 11 days, has been hindered by not knowing whether there will be a trial on one or both counts of the indictment, and that continuing the trial will preserve government resources and avoid potentially misdirected preparation and witness scheduling. The court further notes that, given the short period of time left before the trial, it would be unfair to the defendant to force him to decide whether to go to trial or enter a plea without knowing of, or having adequate time to consider, the court's decision on the remaining

suppression motion.  A continuance is warranted to avoid unnecessary waste of resources and to allow the parties adequate time after the court resolves the remaining motion to suppress to decide how to proceed in light of that resolution, and to negotiate a plea or prepare for trial effectively.  In addition, Garrott does not oppose the motion to continue.

***

Accordingly, it is ORDERED that the motion to continue trial (Doc. 83) is granted, and the jury selection and trial for defendant Jamal Garrott, now set for November 17, 2025, are continued to February 2, 2026, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, with the deadline for change of plea reset accordingly.

DONE, this the 6th day of November, 2025.

                        /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE